# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STONEY M. CURRIN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-23-22-F |
| | ) |
| OKLAHOMA COUNTY CRIMINAL | ) |
| JUSTICE AUTHORITY and BOARD | ) |
| OF COUNTY COMMISSIONERS | ) |
| FOR OKLAHOMA COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Stoney M. Currin, II (Currin), brings this action pursuant to 42 U.S.C. § 1983, alleging that while a pretrial detainee at the Oklahoma County Detention Center, he was subjected to excessive use of force by one or more detention officers in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[1] Currin claims that the acts of excessive force—being struck in the head with great force while shackled and effectively subdued and posing no threat— were causally connected to customs, practices and policies of Oklahoma County Criminal Justice Authority and Oklahoma County. As a result of those alleged customs, practices and policies, Currin asserts he suffered severe and debilitating injuries for which he seeks to recover compensatory damages under § 1983.

---

[1] Because Currin was a pretrial detainee, "the Fourteenth Amendment's Due Process Clause governs his claim of excessive force." Rowell v. Board of County Commissioners of Muskogee County, Oklahoma, 978 F.3d 1165, 1171 (10th Cir. 2020).

Defendant Oklahoma County Criminal Justice Authority (OCCJA) has filed a motion, under Rule 12(b)(6), Fed. R. Civ. P., seeking to dismiss Currin's § 1983 action, arguing that even though it is a distinct legal entity, it is not an entity recognized under Oklahoma law as having the capacity to be sued, and even if it was an entity having the capacity to be sued, Currin's complaint fails to state a plausible claim of municipal liability for which relief may be granted.

Capacity to be Sued

Initially, OCCJA argues that Currin's § 1983 action must be dismissed because it lacks the capacity to be sued under Oklahoma law.

Rule 9(a)(2), Fed. R. Civ. P., requires that a party seeking to raise the issue as to capacity must do so "by specific denial[.]"  Rule 12(b), Fed. R. Civ. P., does not specifically authorize a motion to dismiss based on a lack of capacity to be sued. Nonetheless, where the issue appears on the face of the complaint, the issue may be raised by a motion for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. *See*, 5A Wright & Miller, Federal Practice & Procedure, § 1294 (4th ed.) (citing cases).

Rule 17(b)(3), Fed. R. Civ. P., provides that, as to parties other than an individual who is not acting in a representative role or a corporation, capacity to be sued is determined "by the law of the state where the court is located."  Oklahoma law provides that "[e]xcept as otherwise provided by law, any person, corporation, partnership, or unincorporated association shall have capacity to . . . be sued[.]"  12 O.S. § 2017(B).  OCCJA states that it is not a person, corporation, partnership, or unincorporated association.  Rather, it is a public trust created by the Board of County Commissioners of Oklahoma County to assist in managing and operating the Oklahoma County Detention Center.  While it is an independent entity, OCCJA asserts that case law suggests it is an agency of Oklahoma County and the Board of

County Commissioners for Oklahoma County for liability purposes.  Consequently, OCCJA contends that it is not a proper defendant.

However, as recently noted by the Honorable Timothy D. DeGiusti, OCCJA "cites no conclusive authority establishing that a public trust does not also have the capacity to be sued."  Bond v. Oklahoma Cnty. Crim. Just. Auth., No. CIV-23-05-D, 2023 WL 2878772, at *2 (W.D. Okla. Apr. 10, 2023).  As Judge DeGiusti pointed out, numerous courts have entertained claims by and against a public trust, including § 1983 claims against a public trust.  Id. (citing cases).  Like Judge DeGiusti, the court is not persuaded that, at this stage of the proceedings, OCCJA should be dismissed for lack of capacity to be sued.  Id.

Municipal Liability

Next, OCCJA argues that Currin's § 1983 action should be dismissed because it fails to allege a plausible claim of municipal liability against it.

According to OCCJA, Currin's complaint fails to state a plausible municipal liability claim because it does not allege sufficient factual allegations to establish an underlying constitutional violation was committed by one of its officers.  It points out that the complaint fails to identify or name as a defendant the detention officer or officers who allegedly used excessive force on him.

Generally, "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."  Rowell, 978 F.3d at 1175 (quotation marks and citations omitted).[2]  However, as pointed out by Currin, he is

---

[2] The Tenth Circuit has recognized that even absent a constitutional violation by an individual employee, a municipality may still be held liable.  See, Garcia v. Salt Lake Cnty., 768 F.2d 303, 310 (10th Cir. 1985) ("Although the acts or omissions of no one employee may violate an individual's constitutional rights, the combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights."); see also, Crowson v. Washington, 983 F.3d 1166, 1191 (10th Cir. 2020) ("[T]he municipality may not escape liability by acting through twenty hands rather than two.").

3

not required to name the detention officer or officers as defendants to state a plausible municipal liability claim against OCCJA. *See*, Burke v. Regalado, 935 F.3d 960, 1010 (10th Cir. 2019) (A "plaintiff need not sue the individual tortfeasors at all, but may proceed solely against the municipality."). Although Currin has not specifically identified or named as defendants the detention officer or officers who struck him, he has advanced factual allegations, accepted as true, sufficient to establish that he was in fact struck in the head by a detention officer. Further, he has made factual allegations, accepted as true, sufficient to establish that the detention officer or officers "violate[d] the Fourteenth Amendment by purposely or knowingly using force against [him] that [was] 'objectively unreasonable.'" Rowell, 978 F.3d at 1171 (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)).

Even if Currin's complaint alleges a constitutional violation by one of its officers, OCCJA contends that it fails to plead facts identifying a municipal policy or custom.

The three elements of a municipal liability claim are (1) an official policy or custom, (2) causation, and (3) state of mind. Hinkle v. Beckham County Board of County Commissioners, 962 F.3d 1204, 1239 (10th Cir. 2020). An official policy or custom includes "'a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom the authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees.'" *Id*. at 1239-40 (quoting Pyle v. Woods, 874 F.3d 1257, 1266 (10th Cir. 2017)).

Currin, in response, argues that he has alleged facts sufficient to show an informal custom of use of excessive force, a deliberately indifferent failure to train and supervise employees on the use of excessive force, and an informal custom of failure to protect inmates arising from a long history of inadequate staffing and

4

supervision. Accepting the factual allegations as true and drawing all reasonable inferences in Currin's favor, the court concludes that Currin has pleaded facts that give rise to a plausible inference of the existence of the alleged informal customs and deliberately indifferent training and supervision of employees. Because Currin has identified an official policy or custom that caused his injuries, the court concludes that dismissal of Currin's § 1983 municipal liability claim against OCCJA is not appropriate.

Accordingly, the Motion to Dismiss by Defendant Oklahoma County Criminal Justice Authority (doc. no. 11) is **DENIED**.

DATED this 8th day of May, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0022p003.docx